UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DURELL T. CRAIN,

    Plaintiff,

    v.     CAUSE NO. 3:23-CV-262-DRL-JEM

RON NEAL *et al.*,

    Defendants.

OPINION AND ORDER

Durell T. Crain, a prisoner without a lawyer, filed a complaint. ECF 10. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Crain alleges that the defendants discriminated against him on the basis of his race. Mr. Crain is housed in a protective custody unit due to an alleged plot to murder him. At some point (it is unclear when), Mr. Crain overheard an offender say Mr. Crain would be going to population. Mr. Crain believes the defendants are conspiring to have him removed from protective custody. Although it's less than clear from the complaint, this belief appears to be based on a disciplinary complaint brought against him. After a disagreement with another inmate, one of that inmate's friends alerted Assistant Warden

Dawn Buss to an incident when Mr. Crain jumped on the back of another inmate. The video was reviewed by Joseph Schneider, and he brought a charge against Mr. Crain, which Captain Tibbles approved. In defending against the disciplinary charge, Mr. Crain wanted to view video of the day before the incident, when the same offender that Mr. Crain jumped on likewise jumped on Mr. Crain. Mr. Crain argued that they were engaged in horseplay, not fighting, but Pam Jones wouldn't permit him to view the video footage. Mr. Crain was found guilty, placed in a restrictive housing unit, and lost good time credits. Mr. Crain complained to Executive Assistant M. Newkirk about not receiving the video, and Mr. Newkirk told Mr. Crain he could raise his argument that he was denied evidence in an appeal. Mr. Crain raised this issue on appeal, but Ron Neal still denied his appeal.

Because Mr. Crain lost good time credit, he cannot pursue a claim that he was wrongfully charged until the guilty finding is overturned. *See Edwards v. Balisok*, 520 U.S. 641 (1997) ("[A] state prisoner's claim for damages is not cognizable under 42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated."). Mr. Crain's complaint doesn't permit an inference that the disciplinary charge has been overturned. Furthermore, Mr. Crain's allegations of race discrimination and conspiracy are too vague to state a claim. Therefore, he can't proceed on these claims.

Mr. Crain filed grievances and communicated with the ombudsman in November 2022, and he believes that Dawn Buss and Joseph Schneider are retaliating against him

by trying to have him removed from protective custody and to deprive him of the video footage he requested because he exercised his first amendment rights. These allegations again appear to be references to the disciplinary charge. "To prevail on his First Amendment retaliation claim, [Mr. Crain] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendant['s] decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotations and citations omitted). It is unclear why Mr. Crain believes there is a link between the November 2022, grievances, and the disciplinary proceedings that followed. Therefore, this allegation doesn't state a claim.

In addition to monetary relief, Mr. Crain asks that he be transferred to an out-of-state prison and housed in a one-man cell in a protective custody unit. The complaint, however, is focused on alleged due process violations during a prison disciplinary hearing and a concern regarding his subsequent housing classification. "[P]rison officials have broad administrative and discretionary authority over the institutions they manage." *Westefer v. Neal*, 682 F.3d 679 (7th Cir. 2012) (quotations, brackets, and citations omitted). Prison officials must afford inmates their constitutional rights, but where to house an inmate is just the type of decision that is squarely within the discretion of prison officials. The facts presented here—where Mr. Crain remains in protective custody— don't warrant an intrusion upon that discretion.

This complaint doesn't state a claim for which relief can be granted. If he believes he can state a claim based on (and consistent with) the events described in this complaint,

Mr. Crain may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

Mr. Crain separately filed a motion for preliminary injunction. The motion for preliminary injunction includes factual allegations not included in the complaint. While Mr. Crain remains in protective custody, he nonetheless believes he isn't safe because guards have on occasion allowed offenders out when they shouldn't have been permitted to be out, guards have discussed his situation with offenders, he thinks some guards may be corrupt, and there is some risk associated with being transported through the prison to the medical unit. Because the complaint does not state a claim, injunctive relief is not available. Furthermore, based on the allegations in the motion for preliminary injunction, the possibility of harm is far too speculative to warrant a preliminary injunction. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) ("Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief.").

Mr. Crain has filed two motions seeking to add exhibits to his complaint. ECF 11; ECF 15. The usual procedure is for the plaintiff to include all exhibits with the complaint

4

when it is filed, and Mr. Crain will be expected to do so should he amend his complaint in the future. Nonetheless, in the interest of efficiency, these motions will be granted, and the clerk will be directed to append the exhibits to the amended complaint.

Mr. Crain filed a motion for reconsideration of the order granting leave to proceed *in forma pauperis* (ECF 9), which he now seeks to withdraw (ECF 16). The motion asking to withdraw the motion for reconsideration (ECF 16) will be granted, and the motion for reconsideration (ECF 9) will be withdrawn.

Mr. Crain filed a motion asking the court to take notice of delays in processing his outgoing mail. ECF 17. This was not necessary, and the motion will be denied.

Last, Mr. Crain filed a motion seeking reconsideration of the court's order declining to seal this case. ECF 12. Mr. Crain now asks only that future locations and name changes be sealed. It is not necessary to decide whether future information should be sealed now. If Mr. Crain is moved or his name is changed, he may file a notice with the court together with a motion to seal explaining why the information should be sealed at that time. Therefore, the court stands by its order denying the motion to seal (ECF 5), and the request for reconsideration (ECF 12) will be denied.

For these reasons, the court:

(1) GRANTS Durell T. Crain until **July 13, 2023**, to file an amended complaint; and

(2) CAUTIONS Durell T. Crain if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint doesn't state a claim for which relief can be granted;

(3) GRANTS the motions seeking to add exhibits to the amended complaint (ECF 11; ECF 15);

(4) DIRECTS the clerk to append 1-8 (ECF 2-1); A-H (ECF 6-1) and I, J, L, Q, M, R, & N (ECF 15-1) to the amended complaint (ECF 10);

(5) GRANTS the Motion for Court to Take Judicial Notice and Strike Motion for Reconsideration of Filing Fee Payment (ECF 16) to the extent that Mr. Crain is seeking to withdraw his motion for reconsideration (ECF 9);

(6) WITHDRAWS the Motion for Reconsideration (ECF 9);

(7) DENIES the Motion for Preliminary Injunction (ECF 14)

(8) DENIES the Motion for Court to Take Notice of Late Out Going Mail (ECF 17);

(9) DENIES the Motion for Court to Reconsider Motion to Seal and Only Seal Future Locations of Plaintiff, Future Name of Plaintiff, and any Future Motions Informing of Plaintiff Location or Change of Identity (ECF 12).

SO ORDERED.

June 12, 2023                                       *s/ Damon R. Leichty*
                                                    Judge, United States District Court