UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DURELL T. CRAIN,

    Plaintiff,

    v.                         CAUSE NO. 3:23-CV-262-DRL-JEM

RON NEAL *et al.*,

    Defendants.

## OPINION AND ORDER

After filing multiple motions seeking to be transferred to a one-man cell in a protective custody unit outside of Indiana (ECF 14; ECF 24; ECF 27; ECF 61), Durell T. Crain, a prisoner without a lawyer, now seeks an emergency injunction to stop the IDOC from transferring him. ECF 63.

Mr. Crain alleges that an offender who previously attacked him is being housed with him in the protective custody unit. Mr. Crain does not seek safety from this individual though. He instead alleges that he is being transferred because of a "fabricated alleges threat to the P.C.U. due to the retaliatory acts from J. Schneider / Officials @ I.S.P. even though the Courts was informed he would remain in a 1 man cell P.C.U. for the remining time of his incarceration." ECF 63 at 3. Mr. Crain is not suggesting that he won't be housed in a one-man cell or won't remain in protective custody. Rather, he is concerned that he will be housed under conditions that limit his access to his legal paperwork, making litigating this case more difficult. Thus, Mr. Crain asks that, if he is

transferred, the court order that he be provided with all legal documents and utensils so he can continue to litigate this case, if he is transferred.

"[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

The court has already explained to Mr. Crain that he cannot obtain injunctive relief based on facts that fall outside the scope of his complaint. ECF 60. Mr. Crain again relies on facts not included in his complaint. Because Mr. Crain seeks relief that falls outside the scope of the amended complaint, he can't demonstrate a reasonable likelihood of success on the merits. Furthermore, his concern about lack of access to legal materials is speculative, and he has not demonstrated irreparable harm.

For these reasons, Mr. Crain's emergency motion seeking injunctive relief (ECF 63) is DENIED.

SO ORDERED.

April 3, 2024                                         *s/ Damon R. Leichty*
                                                     Judge, United States District Court